UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM MULCAHY,<br><br>    Plaintiff,<br><br>v.<br><br>NEW CHICAGO INDIANA TOWN OF, et al.,<br><br>    Defendants. | Case No. 2:24-CV-00344-GSL-JEM |

## OPINION AND ORDER

There are two motions to dismiss before the Court. Defendants Indiana State Police, ISP Detective Chris Campione, ISP Sergeant Michael Bailey, and Lake County Deputy Prosecutor Infinity Westberg ("ISP Defendants") filed their Motion to Dismiss at [DE 12]. Defendants Town of New Chicago, Indiana, and its former police chief Bill Perry ("New Chicago Defendants") filed their motion to Dismiss at [DE 24]. In Plaintiff William Mulcahy's response to the ISP Defendants' Motion to Dismiss, he moves for leave to file an amended complaint. [DE 30]. For the reasons below, the ISP Defendants' Motion to Dismiss [DE 12] is DENIED in-part and GRANTED in-part, the New Chicago Defendants' Motion to Dismiss [DE 24] is GRANTED, and Plaintiff's Motion for Leave to Amend [DE 30] is DENIED.

    **I.**    **Background**

Plaintiff alleges that in 2019, while he was working as a police officer in New Chicago, Indiana, his colleagues falsely accused him of misconduct in the hopes that he would be fired. [DE 1, ¶¶ 20-25]. He further contends that Police Chief James Richardson and Captain Jordan Billups, among others, took part in these actions because of their disdain for him. [*Id.*]. Chief Richardson, Captain Billups, and others that allegedly antagonized Plaintiff, then left the New

Chicago Police Department for positions with the Lake Station Police Department. [*Id.*]. On January 1, 2020, Defendant Perry became the NCPD's new chief of police. [*Id.*, ¶ 32]. Plaintiff alleges that shortly after Defendant Perry's appointment, one of the remaining NCPD officers that did not leave for the LSPD, falsely accused Plaintiff of stealing drugs from evidence, which triggered an investigation by the ISP. [*Id.*, ¶¶ 26-31]. In addition to these alleged issues, Plaintiff alleges that his colleagues that left for the LSPD started ignoring his calls for back-up when he was out on patrol. [*Id.*, ¶¶ 33-34]. On October 3, 2020, Plaintiff resigned from his position with the NCPD. [*Id.*, ¶ 34].

Roughly seven months after his departure, a women named Shannon Doherty and her then-fiancé, Lee Derkacy, were arrested by NCPD officers for drug possession.[1] [*Id.*, ¶¶ 37-38]. Plaintiff alleges that at the time of that arrest, Defendant Doherty had several pending drug-related cases, none of which involved him. [*Id.*, ¶ 36]. While in custody, Defendant Doherty alleged that when Plaintiff was working at the NCPD, he coerced her into performing sex acts on him in the basement of the police station by threatening to "get rid of" her fiancé. [*Id.*, ¶¶ 39-40]. A report of these accusations was taken by Defendant Perry and non-party Sergeant Earl Mayo, another NCPD officer. [*Id.*, ¶ 35]. Defendant Perry then referred the report to the ISP, which then decided to investigate the matter. [*Id.*, ¶¶ 44-46]. The ISP assigned Defendant Detective Campione to lead the investigation. [*Id.*]. As part of his investigation, Defendant Campione had Defendant Doherty's cell phone analyzed. [*Id.*, ¶ 47]. In June 2021, Defendant Campione stated that the analysis did not reveal "'any definite phone calls'" from Plaintiff to Defendant Doherty, but there are "'several calls which appear to come from mobile apps [that] could not be tied to any specific person.'"[2] [*Id.*].

---

[1] Shannon Doherty is also a defendant. *See* [DE 1].
[2] The Complaint does not allege in what context this quote was made. *See* [DE 1, ¶ 47].

After several months of investigation, Defendant Campione applied for a warrant for Plaintiff's arrest, which was executed on January 26, 2022. [*Id.*, ¶¶ 48-50]. Plaintiff was charged with rape, sexual battery, and criminal confinement of Defendant Doherty, among other related crimes. [*Id.*]. Two days after his arrest, he paid bond and was released from Lake County Jail. [*Id.*, ¶ 73]. According to the Complaint, at 11:00 p.m., on January 30, 2022, Plaintiff received a phone call from a number he did not recognize. [*Id.*, ¶ 75]. The call was from a woman named Prudence, who told Plaintiff that her son, Defendant Doherty's landlord, had overheard Defendant Doherty tell her fiancé, Lee Derkacy, that she lied about Plaintiff sexually assaulting her in order to bring a civil suit against the NCPD. [*Id.*, ¶¶ 76-77].

Eight months after his arrest, several of Plaintiff's charges were dropped. [*Id.*, ¶ 78]. Then, on September 27, 2023, after Plaintiff turned down a plea deal, the Lake County prosecutor moved to drop the remaining charges due to a lack of evidence, and the matter was dismissed. [*Id.*, ¶¶ 79-82].

Plaintiff filed this § 1983 action on September 30, 2024, alleging under one count, he was maliciously prosecuted by all Defendants in violation of his Fourth and Fourteenth Amendment rights. [*Id.*, ¶¶ 85-97]. In the Complaint, he alleges that the investigation was initiated without credible evidence or reasonable belief that Defendant Doherty's allegations were true. [*Id.*, ¶ 44]. Plaintiff further contends that Defendant Campione's probable cause affidavit was deficient because it did not include the following pieces of material information that were allegedly in his possession: (1) New Chicago police station surveillance video, which "should have shown Defendant Doherty exiting and entering with Plaintiff, but did not," (2) "the room [where the alleged sexual assault took place] was open to the public," (3) Captain Billups' office was in the basement of the station, and he interviewed suspects there, and (4) the analysis of Defendant

3

Doherty's phone did not reveal any "definite phone calls" between her and Plaintiff. [*Id.*, ¶¶ 51-59]. In January 2025, the ISP Defendants moved to dismiss arguing that Plaintiff failed to state a claim, and that Defendant Westberg has prosecutorial immunity. [DE 12]. Two months later, the New Chicago Defendants filed a dismissal motion, also arguing that Plaintiff failed to state a claim but for different reasons. [DE 24]. Plaintiff then responded to the ISP Defendants' Motion, where he requested leave to amend his complaint. [DE 30]. After both motions to dismiss were fully briefed, the Court heard argument on them. [DE 40].

## II. Legal Standard

A plaintiff survives a Rule 12(b)(6) motion to dismiss when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## III. Discussion

Plaintiff is suing the ISP Defendants and the New Chicago Defendants for damages under § 1983 alleging that he was maliciously prosecuted in violation of the Fourth and Fourteenth Amendments. A federal malicious prosecution claim is not actionable if there is an adequate state-law remedy, but here, where the Indiana Tort Claims Act immunizes governmental entities

4

and their employees from malicious-prosecution suits, there is no adequate state law remedy and Plaintiff is entitled to bring federal claims. *See Julian v. Hanna*, 732 F.3d 842, 845-49 (7th Cir. 2013). "To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998).

Here, Plaintiff has adequately pleaded the second and third elements. Plaintiff has alleged that all of the ISP Defendants and New Chicago Defendants are state actors, and Plaintiff alleged that he was jailed upon his arrest — he was deprived of his liberty. *See generally* [DE 1]. So, for each Defendant, the Court's analysis will focus on whether Plaintiff sufficiently pleaded the first element: the requirements of a state law cause of action for malicious prosecution. *Sneed*, 146 F.3d, at 480. In Indiana, those elements are: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). The Court begins with the New Chicago Defendants, since that is where Defendant Doherty first made the allegations.

### A. New Chicago Defendants' Motion to Dismiss [DE 24]

#### i. Chief Perry

The Court begins by analyzing whether Plaintiff sufficiently alleges that Defendant Perry instituted or caused the action to be instituted. The Complaint contains two allegations concerning Defendant Perry: (1) on April 5, 2021, Defendant Perry "took a report from Shannon Doherty, who accuse[d] Plaintiff of having her perform sexual acts in the basement of the police

department while [Plaintiff] was employed [there;]" and (2) "Defendant Perry . . . initiated the investigation despite a lack of credible evidence or reasonable belief that Plaintiff had committed any crime." [DE 1, ¶¶ 35, 44]. When considered alongside the allegations that "[the ISP] started an investigation" and that "[Defendant Campione] was the officer assigned to investigate," it is clear that Plaintiff is alleging that Defendant Perry referred a matter of officer misconduct to an outside entity for independent review. Such a referral is not an uncommon practice. *Iqbal*, 556 U.S., at 679 ("Determining whether a complaint states a plausible claim for relief . . . [is a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Even so, in making that allegation, Plaintiff merely recites the language of the first element of a malicious prosecution claim—"Defendant Perry initiated the investigation"— and provides little more. [DE 1, ¶ 44]. Such an allegation is more conclusory than not, thereby making this a closer call. But the Court need not decide whether Plaintiff sufficiently alleged the first element because of his failure to allege the second element: malice.

"Malice may be shown by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (citing *F.W. Woolworth Co. v. Anderson*, 471 N.E.2d 1249, 1254 (Ind. Ct. App. 1985)). Since here there are no allegations that Defendant Perry had personal malice toward Plaintiff, there must be allegations that he lacked probable cause or failed to properly investigate the matter. At best, it seems that Plaintiff is arguing that by referring the matter to ISP, Defendant Perry ignored Defendant Doherty's criminal history and personal characteristics. In other words, Plaintiff appears to allege that Defendant Perry should have considered these things and then decided to not refer the matter. As stated, Defendant Perry was following a laudable policy of referring

6

police department personnel matters externally *without* investigating. *Iqbal*, 556 U.S., at 679 ("Determining whether a complaint states a plausible claim for relief . . . [is a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Regardless, allowing an allegation that Defendant Perry failed to call Defendant Doherty's allegations into question to be sufficient to establish malice would mean that Defendant Perry should have made a credibility determination. Such a determination by Defendant Perry would have been improper. *See Garcia v. Posewitz*, 79 F.4th 874, 880-82 (7th Cir. 2023) (stating that credibility determinations rest with the courts, not officers and prosecutors, and that sexual-assault allegations are given more deference due to the nature of the alleged crime). Whether or not the allegations were credible, and therefore warranted a referral, was not a determination that Defendant Perry needed to make. Because Plaintiff failed to sufficiently allege the second element of malicious prosecution under Indiana law against Defendant Perry, the Court need not reach the third or fourth elements. Accordingly, his claims against Defendant Perry fail.

### ii. Town of New Chicago

Though it is well-established in § 1983 cases that *respondeat superior* is not a viable theory of recovery against municipalities, a local government may be liable for monetary damages if a plaintiff shows that the city itself violated a plaintiff's constitutional rights. *See Flores v. City of S. Bend*, 997 F.3d 725, 730-31 (7th Cir. 2021) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff makes such a showing by identifying "(1) an official policy adopted and promulgated by [a municipality's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority" *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d

293, 303 (7th Cir. 2010). Here, the Complaint lacks allegations concerning a policy, a widespread practice or custom, or that Defendant Perry was a final policy maker. *See Novick v. Village of Bourbonnais*, 695 F. Supp. 3d 1011, 1030-31 (C.D. Ill. Sept. 29, 2023) (discussing that a complaint must allege sufficient facts that a chief of police is a final policymaker). When pressed on this at the hearing, Plaintiff conceded that this complaint did not sufficiently plead a *Monell* claim. Thus, the claims against the Town of New Chicago are dismissed.

### B. ISP Defendants' Motion to Dismiss [DE 12]

#### iii. Detective Campione

As it did for Defendant Perry, the Court begins by analyzing whether Plaintiff sufficiently alleged the first element of a malicious prosecution claim against Detective Campione. In analyzing whether, "the defendant instituted or caused to be instituted an action against the plaintiff," the Court finds *Alexander v. United States* to be instructive. 721 F.3d 418 (7th Cir. 2013). There, the Seventh Circuit found that the district court had "asked too much of the [p]laintiff" when it dismissed the matter notwithstanding the fact that the plaintiff's allegations included (1) a description of the steps taken to manufacture evidence of the plaintiff's guilt and suppress evidence that tended to show his innocence; (2) an allegation that identified the office that prepared the probable cause affidavit, and (3) actions taken after the arrest that furthered the prosecution, e.g., testifying in depositions and at trial, and intimidating a potential defense witness. *Alexander*, 721 F.3d at 423 ("Whatever the floor may be, these allegations are comfortably above it: they are more than sufficient to assert a causal link between the agents' actions and the subsequent prosecution.").

Here, though not as detailed as those in *Alexander*, the Court finds that Plaintiff's allegations sufficiently establish the first element as to Defendant Campione. Plaintiff alleges

8

that Defendant Campione "initiated the investigation" and includes several supporting allegations, including: (1) Defendant Campione was assigned to investigate the matter, (2) Defendant Campione oversaw cell phone analysis of Defendant Doherty's phone, (3) Defendant Campione applied for the warrant for Plaintiff's arrest, and (4) Defendant Campione authored the probable cause affidavit. [DE 1, ¶¶ 44, 46-48, 51]. Ultimately, as the lead investigator, it was up to Defendant Campione to discern whether there was sufficient probable cause to submit for an arrest warrant. As pleaded, such discretion adequately supports that Defendant Campione instituted, or caused to be instituted, the action against Plaintiff.

Next, the Court examines whether the Complaint includes allegations supporting the second element: that Defendant Campione acted with malice toward Plaintiff. As discussed, malice is shown by personal animosity, or it may be inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances. *Golden Years*, 557 F.3d at 462. The Complaint does not include allegations that Defendant Campione harbored animus toward Plaintiff. However, taking Plaintiff's well-pleaded allegations at true, which the Court must do at this stage, Plaintiff sufficiently alleges a failure to conduct an adequate investigation, thereby establishing malice via inference. Plaintiff alleges that Defendant Campione submitted the probable cause affidavit despite knowing that Plaintiff was not involved in the criminal acts alleged by Defendant Doherty. He further contends that Defendant Campione purposefully excluded material inculpatory information from the probable cause affidavit, such as surveillance video from the NCPD, the fact that the location the alleged acts occurred was open to the public, and that there were no direct phone calls on Defendant Doherty's phone between her and Plaintiff. [DE 1, ¶¶ 53-58].

9

In its reply brief, Defendant ISP argued that even if the probable cause affidavit included the alleged exculpatory material, its reinsertion into the probable cause affidavit would not negate probable cause thereby upholding the integrity of the affidavit. [DE 32, Page 10] (citing *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010)). But the probable cause affidavit, though central to Plaintiff's complaint, is not before the Court. *See* § D, *infra.* But even if it were, at this stage it would be inappropriate for the court to examine the probable cause affidavit without turning this into a motion for summary judgment. At this stage, the Court finds that Plaintiff has sufficiently pleaded facts to establish the second element of a malicious prosecution claim as to Defendant Campione.

The Court now analyzes whether Plaintiff alleged that Defendant Campione has no probable cause on which to seek an arrest warrant. *Cross*on, 829 N.E.2d at 189. "[A] judicial determination of probable cause in a criminal proceeding constitutes prima facie evidence of probable cause in a subsequent civil lawsuit alleging malicious prosecution." *Ali v. All. Home Health Care, LLC*, 53 N.E.3d 420, 431 (Ind. Ct. App. 2016) (citing *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004)); *see K Mart Corp. v. Brzezinski*, 540 N.E.2d 1276, 1280 (Ind. App. Ct. 1989). A plaintiff may overcome such a prima facie showing of probable cause only by demonstrating that it was induced by false testimony, fraud, or other improper means. *Ali*, 53 N.E.3d at 431. At the pleading stage, Plaintiff need only *allege*, not prove, that probable cause was induced by false testimony, fraud, or other improper means. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570) ("To survive a Rule 12(b)(6) motion to dismiss, plaintiff need not prove his case or even provide detailed factual allegations, however, he must allege facts that "raise a right to relief above the speculative level and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Here, Plaintiff

alleges that Defendant Campione knew of Plaintiff's innocence and submitted a faulty probable cause affidavit. *E.g.*, [DE 1, ¶¶ 59-60]. Although this borders on being conclusory, Plaintiff's other allegations concerning what was included and excluded from the probable cause affidavit is enough to sufficiently alleged the third element. Since Plaintiff also alleges the fourth element, that his charges were disposed of in his favor, he sufficiently alleges a claim for malicious prosecution against Defendant Campione.

### iv. Sergeant Bailey

"To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (citation omitted). In other words, the supervisor must know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye. *See id.* (cleaned up). Supervisors who are "merely negligent" or even grossly negligent, are not liable under § 1983. *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988).

Of Defendant Bailey, Plaintiff alleges only that he: (1) "knew of and facilitated, approved, condoned, or turned a blind eye to [Defendant Campione's] decision to submit a faulty probable cause affidavit," and that he (2) "knew of and facilitated, approved, condoned, or turned a blind eye to [Defendant Campione's] improper conduct in the investigation." [DE 1, ¶¶ 60-61]. As earlier discussed, such mere recitation of the elements fails to state a claim. *See Wertymer*, 142 F.4th, at 494. Thus, Plaintiff fails to state a claim against Defendant Bailey.

### v. Indiana State Police

In his response to the ISP Defendants, Plaintiff concedes that all § 1983 claims against the Indiana State Police are to be dismissed. [DE 30, Page 2]. When this was raised by the ISP

11

Defendants at the hearing, Plaintiff agreed to dismissal. On those grounds, Count I against the Indiana State Police is dismissed.

>   *vi. Prosecutor Infinity Westberg*

Though Defendant Westberg's primarily asserts that absolute immunity applies here, the Court need not reach that argument. Plaintiff alleges that Defendant Westberg was responsible for initiating the criminal charges against him over the absence of probable cause. [DE 1, ¶¶ 19, 70]. At the same time, under Count 1, Plaintiff alleges that "Defendants unlawfully withheld materially exculpatory evidence from Plaintiff, *from prosecutors*, and from the Court and instead provided Plaintiff, *prosecutors*, and the Court with falsified inculpatory evidence[.]. [*Id.*, ¶ 91] (emphasis added); *see also* [*Id.*, ¶ 93] (alleging the same) *and* Pl.'s Memo. Opp. ISP Defs.' MTD [DE 30, Page 8] ("The Complaint details how State Defendants unlawfully withheld materially exculpatory evidence from Plaintiff, *from prosecutors*, and from the Court[.]") (emphasis added). These contradictory allegations undermine Plaintiff's ability to allege that Defendant Westberg initiated an action with malice, therefore prohibiting Plaintiff from sufficiently alleging malicious prosecution. Accordingly, Count 1 is dismissed as to Defendant Westberg.

**C. Plaintiff's Request to Amend Complaint**

Generally, there are two ways by which a party may amend a pleading. First, a party may amend its pleading one time as a matter of course; such an amendment must be made within 21 days of serving the pleading, service of a responsive pleading, or service of a motion brought under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading if it first obtains the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff moved for leave to amend within his response to the ISP Defendants' motion to dismiss. [DE 30, Pages 2-3]. He proposed several amendments within the

text, but there was no proposed amended complaint attached to the motion. [*Id.*]. At the hearing, he raised even more proposed amendments. This complicates the ability to track the amendments Plaintiff is seeking leave to incorporate, thereby increasing the risk that a proposed amendment would be lost in the shuffle. Therefore, Plaintiff's motion for leave to amend, raised in his response brief, is denied. Plaintiff may move for leave to amend his complaint by separate motion, in accordance with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1. This will organize the remaining issues, thereby streamlining this matter, and it consolidates Plaintiff's proposed amendments into one filing for the Court to review.

### D. Judicial Notice

Finally, the Court addresses the ISP Defendants' and the New Chicago Defendants' requests for the Court to take judicial notice of the underlying "state court record" and "any adjudicative facts within the record that are subject of proper judicial notice," including "facts from the state court action's procedural posture." [DE 13, Page 1]; [DE 25, Page 2]. Federal Rule of Evidence 201 requires a court to take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Each party properly requested judicial notice, but neither supplied the necessary information. As written, the requests place the onus on the Court to identify and decide which particular facts from the state court record will be judicially noticed. That is too broad, and the requests are therefore, denied. To the extent that the requests concern the dates that charges were filed and the matter was dismissed, Plaintiff alleges those in the Complaint [DE 1]. At the motion to dismiss stage, the Court accepts such allegations as true. *See Kap Holdings,* 55 F.4th, at 523. Finally, the Court notes that, when visiting the online state-court docket, none of the filings, including the probable cause affidavit, were accessible. *See State of Indiana v. William Christopher Mulcahy*, Case No. 45G04-2201-F1-000004,

13

https://public.courts.in.gov/mycase#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik5GX21Fbk 8zQktJeEE1RDBCRzR5cjRNT0trUU1uWmFUWmhDQ2NqVzJGLVUxIn19 (last visited July 30, 2025).

## CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part the ISP Defendants' Motion to Dismiss [DE 12]: the motion is **GRANTED** as to Defendant ISP, Defendant Bailey, and Defendant Westberg, and those parties are accordingly **DISMISSED**; the motion is **DENIED** as to Defendant Campione, who remains in the case. The Court **GRANTS** the New Chicago Defendants' Motion to Dismiss [DE 24]: Defendant Perry and Defendant New Chicago are **DISMISSED**. The Court **DENIES b**oth the ISP and New Chicago Defendants' request for judicial notice. Finally, the Court **DENIES** Plaintiff's Request for Leave to File an Amended Complaint [DE 30]. This does not preclude Plaintiff from moving for leave to file an amended complaint, so long as that motion complies with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1.

SO ORDERED.

ENTERED: August 15, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court